HALL, Judge.
Appellants appeal the directed verdict entered in favor of appellee City in appellants’ action for negligence and unlawful conversion of property. We reverse the directed verdict on the negligence count and affirm the directed verdict on the conversion count.
After the trial of this cause, the jury returned a verdict finding that the negligence of the City was the legal cause of appellants’ damages, attributing 70% of the fault to the City and 30% to appellants. The jury determined the total amount of damages to appellants on the negligence count to be $89,000. The jury’s verdict also found that the City did unlawfully convert appellants’ property, resulting in damages to appellants of $89,000. Notwithstanding the jury’s verdict, the trial court granted the City’s motion for a directed verdict on the ground that appel *499 lants were estopped to assert the claims of this action because of an agreement between the parties dated July 22,1981. The trial court accordingly entered final judgment for the City on both the negligence and conversion counts.
Appellant Blair G. Clark (Clark) co-owned a five-acre lot on South New York Avenue in the city of Lakeland. Appellants operated a demolition business and stored their demolition equipment and salvaged building materials on the lot.
Beginning on March 19, 1981, the City posted a series of notices on the lot requiring removal of specified property and equipment and the leveling of the lot because of violations of city ordinance 2240, the abandoned property removal ordinance.
In an effort to comply with the notices, Clark met with the director of Planning and Community Development and the city inspector to determine what clean-up action was necessary. Clark was told that storage of salvaged building materials, such as structural steel and operable equipment, were not in violation of the abandoned property removal ordinance. Thus, appellants burned old boards and had scrap metal and items of machinery that were no longer in use hauled away.
Thereafter, on July 22, 1981, the City hand delivered a letter to Clark, which requested that Clark sign that he had “received, accepted and agreed” to the terms of the letter. Those terms provided that the City would delay removal of abandoned property on the lot until October 1, 1981, if appellants removed all abandoned property, cleared and leveled any mounds, and agreed to allow the City to remove the abandoned property if appellants had not done so by September 30, 1981. While the letter specifically referred to the posted notices relating to abandoned property, the letter did not specify what property had to be removed to comply with the abandoned property ordinance. It is conceded that the posted notices listed property which was abandoned and also property which was not abandoned under the terms of the ordinance. The letter therefore failed to inform appellants which property must be removed to bring them into compliance with the ordinance.
Appellants continued to make efforts to remove all abandoned property from the lot, and as of September 30, 1981, they were of the opinion that they had complied with the ordinance as it related to the abandoned property.
On October 1, 1981, the City determined that appellants were not in compliance with the letter of July 22,1981, and proceeded to remove all items of equipment and building materials from the lot. The lot was then leveled. Clark was advised that he could redeem the equipment for $6500 but he was unable to do so. Appellants contend that the equipment and materials were not abandoned property under the ordinance and that the City’s action resulted in the loss of equipment and materials valued at $92,055.
The jury rendered a verdict for appellants, but the trial judge entered a judgment for the City pursuant to his grant of the City’s motion for directed verdict. In the judgment the judge made the following findings and rulings:
The evidence indicated that the Plaintiffs had contact with officials from the Defendant on several occasions to determine what action was necessary to bring the New York Avenue lot into compliance with the abandoned property Ordinance. The evidence also indicated that the Plaintiffs took steps to remove abandoned property from the subject lot, and that as of October 1, 1981, the personal property located on the lot consisted of materials, all that were being stored by the Plaintiffs, and which they had been using, or which contemplated using in their business and which had more than mere nominal salvage value. On October 1, 1981, the City of Lakeland, by and through an independent contractor, undertook the removal of all of the heavy equipment and parts, and levelled the site, including grinding of salvaged building materials into the surface of the lot.
It is the finding of this Court that the Defendant was negligent in its enforce *500 ment of the abandoned property Ordinance against the Plaintiffs in that the property removed and destroyed was not abandoned but was being used, or would be used, by the demolition business of the Plaintiffs. The jury verdict returned indicated that the jury felt that the Defendant was seventy percent (70%) negligent and that the Plaintiffs were thirty percent (30%) negligent, and that the total damages consisted of $89,000.00 under the negligence claim.
As to the Plaintiffs’ conversion claim, the jury verdict found that the Defendant was guilty of conversion and awarded damages in the amount of $89,000.00.
[[Image here]]
The Motion for Directed Verdict is granted, and judgment shall be entered for the Defendant notwithstanding the jury verdict for the Plaintiff. Notwithstanding the findings of fact which have been set forth hereinabove, this Court finds that the July 22, 1981 letter, which was signed by Mr. Robert C. Herig for the Defendant, and Mr. Blair G. Clark, for the Plaintiffs, was an agreement between the parties that set forth their mutual rights and obligations. The Plaintiffs are estopped from bringing the claims which they have made in this action because of having agreed to the terms of the July 22, 1981 letter. It is upon these grounds that the Court enters judgment for the Defendants as to both the negligence and conversion counts.
Appellants argue that the jury verdict is supported by substantial evidence and that the estoppel defense asserted by the City was waived because the City did not specifically plead it.
The City argues that appellants “received, accepted and agreed” to the terms of the July 22 letter which required removal of the equipment and are thereby es-topped from complaining of the removal of such items.
We agree with the learned trial judge that appellants are estopped to assert the conversion count because of Clark’s agreement to the terms of the letter of July 22, 1981, but we find that the trial judge erred in setting aside the jury’s verdict as to the negligence count.
The trial judge specifically found, as did the jury, that the City was “negligent in its enforcement of the abandoned property Ordinance ... in that the property removed and destroyed was not abandoned but was being used, or would be used, by the demolition business...”
The findings of the trial judge are not consistent with a theory of estoppel. In finding that the City was negligent in removal of the property, the trial judge determined that the City removed or destroyed property that was not abandoned property according to the letter of July 22, 1981. The terms of the letter only allowed removal from the lot of property determined to be abandoned under the ordinance and notices. The City’s determination of what equipment was inoperative and what property was abandoned was not contemplated by the parties within the terms of the agreement but was a subsequent act of negligence to which estoppel would not apply-
We therefore reverse and remand with directions to the trial court to reinstate the jury verdict as to the negligence count.
SCHEB, A.C.J., and CAMPBELL, J., concur.